IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

MID-CONTINENT CASUALTY COMPANY, §
§
      Plaintiff, §
§
V. §    CASE NO. 6:19-cv-169
§
KBL RESTORATION, LLC, §
§
      Defendant. §

### *Complaint*

Plaintiff, Mid-Continent Casualty Company, complains of Defendant, KBL Restoration, LLC, and respectfully states:

### *Parties, Jurisdiction and Venue*

1.    Plaintiff, Mid-Continent Casualty Company ("Mid-Continent"), is a corporation organized and existing under the laws of the State of Ohio with its principal place of business located in Tulsa, Oklahoma.  Mid-Continent is authorized to do and is doing business in the State of Texas.

2.    Defendant, KBL Restoration, LLC ("Principal"), is a Texas limited liability company with its principal place of business located at 2506 Mohawk Street, Longview, Texas 75605.  Upon information and belief, Principal has two members, Amy Barnes f/k/a Amy Holdeman and Lee Evans, both of whom are individual residents and citizens of the State of Texas.  Principal may be served with process by serving its registered agent, President and managing member, Amy Barnes f/k/a Amy Holdeman, at Ms. Barnes' residence located at 2506 Mohawk Street, Longview, Texas 75605.

3.    Diversity of citizenship exists between Mid-Continent and Principal, and the amount in controversy exceeds the sum or value of $75,000.00, exclusive of interests and costs.  Jurisdiction

is thus proper pursuant to 28 U.S.C. §1332(a)(1).

4.      Venue is proper in this judicial district pursuant to 28 U.S.C. §1391(b)(1).

### *Factual Background*

5.      On or about March 17, 2015, Principal (along with several individual indemnitors) executed and entered into a written General Application and Agreement of Indemnity – Contractors Form (the "Indemnity Agreement") in favor of Mid-Continent.  Principal executed the Indemnity Agreement to induce Mid-Continent to issue surety bonds on behalf of Principal so that Principal could qualify to bid on and be awarded contracts on commercial construction projects.

6.      Under **¶1 – Indemnification** of the Indemnity Agreement, Principal agreed to indemnify and keep Mid-Continent indemnified against any and all liability for losses and expenses of whatsoever kind or nature, including the fees and disbursements of counsel, and against any and all losses and expenses, which Mid-Continent may sustain or incur, (i) by reason of having executed or procured the execution of any bonds, (ii) by reason or the failure of Principal to perform or comply with the covenants and conditions of the Indemnity Agreement, or (iii) in enforcing any of the covenants and conditions of this Agreement.

7.      Under **¶2 – Reserve-Deposit** of the Indemnity Agreement, Principal further agreed to deposit with Mid-Continent, immediately upon demand, cash collateral in the amount of any reserve for liability or loss established by Mid-Continent as a result of having received claims under any bonds issued on behalf of Principal.  Specifically, Principal agreed that:

> If for any reason the Surety shall deem it necessary to set up or to increase a reserve to cover any possible liability or loss for which the Undersigned will be obligated to indemnify the Surety under the terms of this Agreement, the Undersigned shall deposit with the Surety, immediately upon demand, a sum of money equal to such reserve and any increase thereof as collateral security to the Surety for such liability or loss.  The Surety shall have the right to use the deposit, or any part thereof, in payment or settlement of any liability, loss or expense

for which the Undersigned would be obligated to indemnify the Surety under the terms of this Agreement….

Thus, upon receipt of the deposit of cash collateral, Mid-Continent would have the right to use part or all of said collateral to pay or otherwise settle any loss or expense for which Principal is obligated to indemnify Mid-Continent under the Indemnity Agreement, thereby exonerating Mid-Continent.

8.      Under **¶9 – Right to Information** of the Indemnity Agreement, Principal further agreed as follows:

> The Undersigned will furnish to the Surety such information as it may request from time to time concerning the financial condition of the Undersigned, the status of the work under any contract covered by a Bond, the condition of the performance of any such contract and the payment of obligations incurred in connection therewith.  The Surety may at reasonable times and places and from time to time, examine and copy the books, records and accounts of the Undersigned.

9.      Under **¶11 – Discharge from Suretyship** of the Indemnity Agreement, Principal further agreed as follows:

> The Undersigned shall, at any time upon the request of the Surety, procure the discharge of the Surety from any Bond and liabilities under any Bond.

10.     In reliance on the Indemnity Agreement and at the request of Principal, Mid-Continent, as surety, along with Principal, as principal, executed and issued the following bonds to obligees regarding contracts that Principal entered into on certain commercial construction projects:

i.      a Performance Bond and a Labor and Material Payment Bond, each in the penal sum of $3,072,312, dated February 25, 2016, and numbered 1014732 (collectively, the "Glasscock Bonds"), issued to Glasscock County, Texas ("Glasscock County"), as obligee, to secure Principal's performance under a contract between Glasscock County, as owner, and Principal, as general contractor, in connection with a project known as the Glasscock County Courthouse Renovations ("Glasscock Project");

ii.     a Performance Bond and a Payment Bond, each in the penal sum of $3,172,021, and numbered 1017087 (collectively, the "Bastrop Bonds"), issued to the State of Texas acting by and through the Texas Parks and Wildlife Department ("State"), as obligee, to secure Principal's performance under a contract between the State, as owner, and

Principal, as general contractor, in connection with a project known as the Group Barracks Complex Renovation, Bastrop State Park ("Bastrop Project"); and

iii.   a Performance Bond and a Payment Bond, each in the penal sum of $3,161,904, dated September 13, 2017, and numbered 1017901 (collectively, the "Balmorhea Bonds"), issued to Thyssen Laughlin, Inc. ("TLI"), as obligee, to secure Principal's performance under a subcontract between TLI, as general contractor, and Principal, as subcontractor, in connection with a project known as the Balmorhea State Park CCC Motor Court Renovations & Site Facility Upgrades ("Balmorhea Project").

The Glasscock Bonds, the Bastrop Bonds and the Balmorhea Bonds will collectively be referred to herein as the "Bonds."  The Glasscock Project, the Bastrop Project and the Balmorhea Project will collectively be referred to herein as the "Projects."  Glasscock County, the State and TLI will collectively be referred to herein as the "Obligees."

11.    Subsequent to the execution of the Bonds, Mid-Continent received various claims under the Bonds from multiple subcontractors and suppliers of Principal which alleged that they were owed monies for labor performed and/or materials furnished to Principal on the Projects. Moreover, the Obligees have either declared Principal to be in default of and/or terminated the respective bonded contract with Principal or are threatening to do so and either presented demands and/or claims or are threatening to present demands and/or claims to Mid-Continent under the Bonds on the Projects.  To date, Principal has verbally indicated to Mid-Continent that it is financially unable to complete its obligations to the Obligees under the bonded contracts and discharge its payment obligations to the unpaid subcontractors and suppliers claims and exonerate Mid-Continent from any loss resulting from same.  Principal has provided Mid-Continent with certain general information concerning its obligations to unpaid subcontractors and suppliers on the Projects.  As a result, Mid-Continent deemed it necessary and has set up an initial reserve for anticipated loss under the Bonds in the amount of $525,000.00.

12.     On April 4, 2019, Mid-Continent submitted a written demand to Principal for the deposit of cash collateral in the amount of its loss reserve of $525,000.00 to be deposited by April 12, 2019, in accordance with the terms of **¶2 – Reserve-Deposit** of the Indemnity Agreement.  As of the date of this Complaint, Principal has failed to respond to this demand for cash collateral and failed to deposit cash collateral as demanded.

13.     Furthermore, due to the demands and claims received by Mid-Continent under the Bonds, the additional demands and claims it expects to receive in the future under the Bonds, and the exposure for loss and expense to Mid-Continent created due to same, Mid-Continent also made numerous oral requests to Principal, and a written demand to Principal on April 4, 2019, to make its books, records and accounts evidencing its financial and contractual obligations (for which at least in part Mid-Continent is exposed for loss and expense under the Bonds) available for examination and copying by Mid-Continent in accordance with the promise made to Mid-Continent in **¶9 – Right to Information** of the Indemnity Agreement.  As of the date of this Complaint, Principal has failed to respond to said demand and failed to allow Mid-Continent access to its books, records and accounts as demanded.

14.     Moreover, Mid-Continent has demanded that Principal cooperate in its investigation of the demands and claims under the Bonds and provide all necessary information and documentation that will assist in procuring the discharge of Mid-Continent from all liabilities under the Bonds, including without limitation, providing all necessary project "close-out documents" to be provided to the Obligees to close out all of the Projects thereby discharging Mid-Continent, at least in part, from liabilities under the Bonds.  As of the date of this Complaint, Principal has failed to respond to said demand and failed to provide Mid-Continent with such cooperation and Project information and close-out documents as demanded.

15.     All conditions precedent to Mid-Continent's right to recover from Principal under the Indemnity Agreement and/or to specifically enforce the provisions of the Indemnity Agreement against them have occurred or have been performed, excused or waived.

### Count I – Specific Enforcement of Reserve-Deposit Provision

16.     Mid-Continent realleges Paragraphs 1 through 15 above as if set forth in full herein.

17.     Principal has materially breached the Indemnity Agreement by failing and refusing to deposit cash collateral with Mid-Continent in the amount of $525,000.00 as demanded in accordance with **¶2 – Reserve-Deposit** of the Indemnity Agreement to cover the loss reserve set up by Mid-Continent.  This Reserve-Deposit provision is a crucial, bargained for right for which Mid-Continent truly has no adequate remedy at law and will likely suffer irreparable injury should Principal fail to perform their promise to Mid-Continent.  Accordingly, Mid-Continent sues Principal for specific performance of their promise to deposit cash collateral with Mid-Continent upon demand and seeks preliminary and permanent injunctions from this Court compelling Principal to immediately deposit cash with Surety in the amount of $525,000.00 to be used by Mid-Continent per the terms of the Indemnity Agreement.

18.     Mid-Continent is also entitled to an award of its reasonable attorney's fees and costs from Principal to pursue specific performance of this Collateral Reserve provision per the terms of **¶1 – Indemnification** of the Indemnity Agreement and pursuant to Texas Civil Practice & Remedies Code §38.001 *et seq*., for which Mid-Continent also now sues.

### Count II - Specific Enforcement of Right to Information Provision

19.     Mid-Continent realleges Paragraphs 1 through 18 above as if set forth in full herein.

20.     Principal has materially breached the Indemnity Agreement by failing and refusing after multiple demands to make its books, records and accounts evidencing its financial and

contractual obligations (for which at least in part Mid-Continent is exposed for loss and expense under the Bonds) available for examination and copying by Mid-Continent in accordance with their promise made to Mid-Continent in **¶9 – Right to Information** of the Indemnity Agreement. Accordingly, Mid-Continent sues Principal for specific performance of said promise and seeks preliminary and permanent injunctions from this Court compelling Principal to make its books, records and accounts immediately available for examination and copying by Mid-Continent at reasonable times and places as determined by this Court.

21.     Mid-Continent is also entitled to an award of its reasonable attorney's fees and costs from Principal to pursue specific performance of this Right to Information provision per the terms of **¶1 – Indemnification** of the Indemnity Agreement and pursuant to Texas Civil Practice & Remedies Code §38.001 *et seq.*, for which Mid-Continent also now sues.

### Count III - Specific Enforcement of Discharge from Suretyship Provision

22.     Mid-Continent realleges Paragraphs 1 through 21 above as if set forth in full herein.

23.     Principal has materially breached the Indemnity Agreement by failing and refusing after demand to cooperate with Mid-Continent's investigation of the demands and claims under the Bonds and provide all necessary information and documentation that will assist in procuring the discharge of Mid-Continent from all liabilities under the Bonds, including without limitation, providing all necessary project "close-out documents" to be provided to the Obligees to close out all of the Projects, in accordance with their promise made to Mid-Continent in **¶11 – Discharge from Suretyship** of the Indemnity Agreement.  Accordingly, Mid-Continent sues Principal for specific performance of said promise and seeks preliminary and permanent injunctions from this Court compelling Principal to immediately cooperate with Mid-Continent's investigation of the demands and claims under the Bonds and provide all necessary information and documentation that will assist

in procuring the discharge of Mid-Continent from all liabilities under the Bonds, including without limitation, providing all necessary project "close-out documents" for the Project.

24.     Mid-Continent is also entitled to an award of its reasonable attorney's fees and costs from Principal to pursue specific performance of this Right to Information provision per the terms of **¶1 – Indemnification** of the Indemnity Agreement and pursuant to Texas Civil Practice & Remedies Code §38.001 *et seq*., for which Mid-Continent also now sues.

WHEREFORE, Plaintiff, Mid-Continent Casualty Company, respectfully requests that Defendant, KBL Restoration, LLC, be cited to appear and answer and, upon trial hereof, prays that judgment be entered against Principal awarding Mid-Continent: (i) in Count I, specific performance of the Reserve-Deposit provision compelling Defendants to deposit with Mid-Continent cash collateral in the amount of $525,000.00 and for preliminary and permanent injunctions regarding same, plus reasonable attorney's fees and costs, (ii) in Count II, specific performance of the Right to Information provision compelling Principal to make its books, records and accounts available for immediate examination and copying by Mid-Continent at reasonable times and places as determined by this Court and for preliminary and permanent injunctions regarding same, plus reasonable attorney's fees and costs, (iii) in Count III, specific performance of the Discharge from Suretyship provision compelling Principal to immediately cooperate with Mid-Continent's investigation of the demands and claims under the Bonds and provide all necessary information and documentation that will assist in procuring the discharge of Mid-Continent from all liabilities under the Bonds, including without limitation, providing all necessary project "close-out documents" for the Project and for preliminary and permanent injunctions regarding same, plus reasonable attorney's fees and costs, and (iv) such other and further relief to which Mid-Continent may be justly entitled at law or in equity.

Respectfully submitted,

*/s/ Robert M. Fitzgerald*
Robert M. Fitzgerald
Lead Counsel
TX State Bar No. 07088900
Law Offices of Robert M. Fitzgerald
1219 FM 314
Van, Texas 75790
(903) 963-7550
(903) 963-7551 (Fax)
Email: rfitzgerald@rmflaw.net
*Attorneys for Plaintiff, Mid-Continent Casualty Company*