## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## TYLER DIVISION

| | | |
|---|---|---|
| **MID-CONTINENT CASUALTY COMPANY** § | | |
| § | | |
| Plaintiff, § | | |
| § | **CIVIL ACTION NO.** | |
| v. § | **6:19-CV-00169-JCB** | |
| § | | |
| **KBL RESTORATION, LLC** § | | |
| § | | |
| Defendant. § | | |

### JOINT BRIEF IN RESPONSE TO SHOW CAUSE ORDER

On December 19, 2019 the Court issued that certain Order (Doc. 15) requiring the parties to show cause as to why they should not be sanctioned for their failure to comply with the Court's order of September 10, 2019 (Doc. 14). In response thereto, the undersigned do hereby jointly show as follows:

### *THE ORDER WAS ENTERED*

1. As the Court is aware, on or about September 10, 2019 the Court entered that certain order whereby all deadlines in the Court's July 19, 2019 scheduling order were suspended and the parties were otherwise ordered to file, on or before December 13, 2019, a joint motion to dismiss this case or a joint motion to reinstate and joint proposed amended scheduling order. Order of September 10, 2019 (Doc. 14).

### *THE MEDIATION WAS CONDUCTED*

2. As reported by Brad Jackson, the agreed-upon and Court-appointed mediator, the parties convened in Mr. Jackson's office for a full day mediation on October 22, 2019. The mediation was attended by (i) Mr. Mike Dill, as authorized representation of Mid-Continent Casualty Company,[1] and Mr. Robert Fitzgerald as counsel for same, and (ii) Ms. Amy Holdeman and Mr. Lee Evans, as authorized

---

[1] Mid-Continent Casualty Company shall be known as "Mid-Continent" herein.

representatives of KBL Restoration, LLC,[2] and the undersigned as counsel for same. Although the other individual indemnitors were also invited to participate in the mediation in an effort to resolve the entire dispute (as the parties indicated would be done in ¶5 of the Joint Motion to Abate (Doc. 13)), they did not appear at the mediation. Unfortunately, the parties who did attend the mediation were not able to reach a resolution of this matter.

### *KBL'S CONSULTATION WITH BANKRUPTCY COUNSEL*

3. Following the unsuccessful mediation, KBL, by and through the representatives of Ms. Holdeman and Mr. Evans, along with the undersigned counsel for KBL, convened a meeting with KBL's bankruptcy counsel, Ms. Areya Holder Aurzada of Holder Law, P.C. on October 25, 2019. At that meeting, it was determined that KBL would, for various reasons which include, *but are not limited to*, the claims asserted by Mid-Continent herein, file for federal bankruptcy protection. Over the course of the ensuing weeks the KBL representatives and bankruptcy counsel discussed the issues associated with said filing and counsel for KBL found himself awaiting the filing which would have preempted the parties from filing a joint motion to reinstate or joint proposed amended scheduling order in accordance with the prior order.

### *MID-CONTINENT'S RESPONSE POST-MEDIATION*

4. Given the inability to resolve this case at the mediation, the lack of involvement of the other individual indemnitors at mediation, and KBL's expressed intention of filing for bankruptcy, Mid-Continent was left after the mediation attempting to determine a course of action given these unfortunate developments, and counsel for Mid-Continent found himself awaiting the threatened bankruptcy filing which would have preempted the parties from filing a joint motion to reinstate or joint proposed amended scheduling order in accordance with the prior order.

---

[2] KBL Restoration, LLC shall be known as "KBL" herein.

## *OVERSIGHT AND MEA CULPA OF COUNSEL*

5. Based on the circumstances set forth above, counsel for both parties hereto simply failed to provide the joint motion to dismiss this case or a joint motion to reinstate and joint proposed amended scheduling order as required by the Court's order of July 19, 2019 (Doc. 14). The missing of this deadline was not due to disregard of the Court's order or any fundamental misunderstanding of the respect for and authority of the Court; rather, the missed deadline represent simply the collective oversight and error of two lawyers who are otherwise committed to upholding the highest standards of professionalism, both to the Court and to the profession, as a whole. Counsel sincerely apologizes to the Court for said collective oversight and error.

6. While counsel for both parties understand, appreciate and respect the fact that the Court has inherent power to impose monetary or other sanctions in order to control the conduct of the proceedings, protect the "orderly administration of justice" and to maintain "the authority and dignity of the court,"[3] counsel for both parties respectfully submit that the facts giving rise to this oversight and error do not rise to the level of sanctionable conduct.

7. First, counsel for the parties have demonstrated a desire to orderly administer justice in this case inasmuch as the parties have been working together to identify issues and resolve the case in an efficient manner, which gave rise to the notion of abatement while the parties discussed settlement. Second, counsel for the parties have previously demonstrated respect for the authority and dignity of the Court as it would relate to the prior pleadings, filings, and compliance with deadlines in this matter. Further, counsel for the parties have a longstanding track record of professionalism, respect for the Court and the law, courtesy, and civility which is becoming of the profession, as a whole.

---

[3] *Roadway Express, Inc. v. Piper*, 447 U.S. 752, 764-65 (1980); accord *Chambers v. Nasco, Inc.*, 501 U.S. 32, 43-46 (1991); *Fink v. Gomez*, 239 F.3d 989, 991 (9th Cir. 2001).

8. In light of the foregoing, counsel for the parties would respectfully request that the Court not sanction the parties or counsel for failure to comply with the Court's order of September 10, 2019.

### *DISMISSAL STIPULATION*

9. Pursuant to the Court's previous order (Doc. 14), the parties have filed contemporaneously herewith a *Joint Stipulation of Dismissal Without Prejudice*. This joint and concerted action by the parties effectively removes the pending case from the Court's docket prior to the bankruptcy being filed. This will allow the Court to dispense with the pending case in lieu of carrying a case that has been stayed by the automatic stay under the United States Bankruptcy Code.

*-- The Balance of This Page Has Been Intentionally Left Blank --*

Respectfully submitted,

**LAW OFFICE OF ROBERT M. FITZGERALD**

By: *Robert M. Fitzgerald*
    Mr. Robert M. Fitzgerald
    State Bar No. 07088900
    *rfitzgerald@rmflaw.net*

1219 FM 314
Van, Texas 75790
T: 903-963-7550
F: 903-963-7551

**ATTORNEYS FOR MID-CONTINENT CASUALTY COMPANY**

    and

**PECKAR & ABRAMSON, P.C.**

by: *Stewart Shurtleff*
    Mr. Stewart Shurtleff
    State Bar No. 24046842
    *sshurtleff@pecklaw.com*
    Mr. Ian E. Fullington
    State Bar No. 24093459
    *ifullington@pecklaw.com*

8080 North Central Expressway, Suite 1600
Dallas, Texas 75206
T: 214-523-5100
F: 214-523-4601

**ATTORNEYS FOR KBL RESTORATION, LLC**

## CERTIFICATE OF SERVICE

The undersigned certifies that a true and correct photocopy of the foregoing instrument was served upon all attorneys and parties of record via CM/ECF in accordance with the FEDERAL RULES OF CIVIL PROCEDURE, on December 20, 2019.

Mr. Robert M. Fitzgerald                                VIA CM/ECF
*Counsel for Mid-Continent*
*Casualty Company*
*Law Offices of Robert M. Fitzgerald*
1219 FM 314
Van, Texas 75790


                              *Stewart Shurtleff*
                              Mr. Stewart Shurtleff